UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LONDI L. LAFLEUR                                      CIVIL ACTION

VERSUS                                                      NO. 16-254-BAJ-RLB

KARLEEN LEGLUE, ET AL.

### ORDER

Before the Court is Sheriff Jason Ard's and Warden Perry Rushing's ("Movants") Motion to Stay Discovery and Request for Expedited Consideration (R. Doc. 31) filed on October 25, 2016. The motion is opposed. (R. Doc. 33). Movants have filed a Reply. (R. Doc. 37).

On April 20, 2016, Londi L. Lafleur ("Plaintiff") commenced this civil rights action asserting that defendant Karleen Leglue, a deputy employed by the Livingston Parish Sheriff's Office ("LPSO"), attacked her while she was detained by and in the care, custody, and control of the LPSO. (R. Doc. 1). In addition to Ms. Leglue, Plaintiff named as defendants Sheriff Ard in his official capacity as the Sheriff of Livingston Parish and Warden Rushing in his official capacity as the warden of the Livingston Parish Detention Center. (R. Doc. 1 at 3).

On July 25, 2016, the Court issued a Scheduling Order providing that all non-expert discovery must be completed by May 1, 2017. (R. Doc. 22).

On July 27, 2016, Movants filed a motion to dismiss pursuant to Rule 12(b)(6). (R. Doc. 24). Movants seek dismissal of their claims on the basis that (1) they cannot be held vicariously liable under federal and state law; (2) Plaintiff has not stated an independent cause of action against Movants under federal or state law; (3) the claims against the LPSO must be dismissed because it is not a legal entity capable of being sued; and (4) Plaintiff's claim that Movants refused to produce certain records invokes federal and state laws not applicable to Movants. (R.

Doc. 24-1). Movants also seek dismissal of the Louisiana state law claims brought against them pursuant to the immunity provided by La. R.S. 9:2798.1. (R. Doc. 24-1 at 13-15). The Motion to Dismiss remains pending before the district judge.

Movants seek an order staying discovery regarding the claims asserted against them until their pending Motion to Dismiss (R. Doc. 24) is ruled upon by the district judge. (R. Doc. 31). Movants move for expedited consideration because Plaintiff has requested their depositions, and has propounded written discovery on them. The Motion to Dismiss only pertains to the aforementioned movants. The claims against defendant Leglue are not the subject of the Motion to Dismiss.

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Nevertheless, the court is not required to stay discovery while a dispositive motion based on the pleadings is pending. *See*, *e.g.*, *Von Drake v. Nat'l Broad. Co., Inc.*, No. 04-0652, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) ("While discovery may be stayed pending the outcome

of a motion to dismiss, the issuance of stay is by no means automatic."). Furthermore, "[c]ourts have cautioned that a stay of all discovery is not appropriate when it could prevent a party from having a sufficient opportunity to develop a factual base for defending against a dispositive motion." *Reich Album & Punkett, L.L.C.*, No. 06-10850, 2007 WL 1655677, at *3 (E.D. La. June 4, 2007) (quotation omitted).

Here, Movants argue that, at most, "the Complaint poses the conclusory claim that [the] plaintiff suffered a constitutional violation because of some unspecified policy or custom of the LPSO." (R. Doc. 31-1 at 2). Movants assert that in *Ashcroft v. Iqbal*, 556 U.S. 622, 678-679 (2009), "the Supreme Court has specifically cautioned" against allowing a plaintiff to obtain discovery from a defendant who does not assert a plausible claim against the defendant. (R. Doc. 31-1 at 3). Whether the district judge will conclude that Plaintiff's Complaint does not raise a plausible claim against the Movants, as required by *Iqbal*, has not yet been determined.

In opposition, Plaintiff argues, among other things, that even if Movants succeed on their motion to dismiss, those defendants "have an abundance of knowledge concerning not only the attack but other relevant matters including who may have witnesses the attack, training of employees, procedures, how the deputies in this case did or did not follow procedures and training, etc. and from that perspective they would be witnesses whose depositions would be relevant." (R. Doc. 33 at 4).

Having reviewed the arguments of the parties, the Court concludes that Movants have not established that there is good cause to issue a protective order staying all discovery that involves the Movants. Movants have offered not provided any specific, particular facts indicating that in the absence of a stay, they will face undue burden or expense. The Court has reviewed the discovery propounded on the Movants, and it appears to be tailored to the events and issues in

3

question.[1]  Given the allegations in the Complaint, even if Movants are ultimately dismissed by this action, the requested documents and their depositions would be an appropriate vehicle for obtaining information relevant to the claims and defenses in this action with regard to defendant Karleen Leglue.  That said, the scope of discovery is always controlled by the proportionality standards under Federal Rule of Civil Procedure 26(b) and the Court may set appropriate limitations on that discovery in the form of protective orders or other relief.[2]

The parties are reminded that they are required to confer in good faith prior to filing any discovery related motions.  Any motion certifying that such a conference occurred shall identify when the conference took place, how it was conducted (in person or by phone), who participated in the conference, what issues were specifically discussed, what issues, if any, were resolved, and the duration of the conference.

Based on the foregoing,

**IT IS ORDERED** that the Motion to Stay (R. Doc. 31) is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 4, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court is not making a specific holding that all of the propounded discovery is appropriate or otherwise within the scope permitted under the Federal Rules of Civil Procedure, as that issue is not before the Court.  For example, one interrogatory refers to "work being performed on the vessel on the date of the incident," which is obviously a typographical error. (R. Doc. 31-3, Int. No. 20).

[2] Should discovery be directed to a non-party (such as if one or all of the movants are dismissed), the provisions of Rule 45 direct that a party or attorney issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena" and failure to do so is grounds to quash the subpoena. See Fed. R. Civ. P. 45(d).