UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LONDI L. LAFLEUR                                                   CIVIL ACTION

VERSUS

KARLEEN LEGLUE, ET AL.                          NO.: 16-00254-BAJ-RLB

RULING AND ORDER

Before the Court is Defendants' **Motion to Dismiss Pursuant to 12(b)(6)**
**(Doc. 24)** seeking to dismiss all claims asserted by Plaintiff  against Defendants
Jason Ard, Perry Rushing, and the Livingston Parish Sheriff's Office. For reasons
explained fully herein, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.      BACKGROUND

On January 25, 2016, Plaintiff was detained by the Livingston Parish Sheriff's
Office. (Doc. 1 at p. 1). While Plaintiff was detained, she alleges that Karleen Leglue,
a deputy employed by the Sheriff's Office, violently attacked Plaintiff by grabbing
Plaintiff by the upper body and throwing her head first into a wall while Plaintiff was
in handcuffs. (*Id.* at 4). Plaintiff also alleges that other employees of the Sheriff's
office witnessed the attack. (*Id.* at 1). However, according to Plaintiff, no employee,
including Defendant Leglue, wrote a report detailing the incident, nor did anyone
preserve physical evidence, or provide timely medical care to Plaintiff. (*Id.* at 1, 4, 5).

As a result of the incident, Defendant Leglue's employment was terminated,
and she was criminally charged with aggravated battery and malfeasance in office.

1

(*Id.* at 5). Plaintiff asserts that Defendant Sheriff Ard has since admitted that the attack was not provoked by Plaintiff, and the actions of Defendant Leglue were unlawful. (*Id.* at 6). Plaintiff alleges that Defendants Ard and Rushing were aware of Defendant Leglue's violent tendencies, but failed to take reasonable steps to protect Ms. Lafleur and the other detainees. (*Id.*).

On April 20, 2016, Plaintiff brought claims against former Deputy Karleen Leglue, Sheriff Jason Ard, Warden Perry Rushing, and the Livingston Parish Sheriff's Office  alleging claims under 42 U.S.C. § 1983, state law, and open records requests violations under 5 U.S.C. §552 and La. R.S. § 44:3. (Doc. 1). Defendants Ard, Rushing, and the Livingston Parish Sheriff's Office filed a motion to dismiss all claims against them. (Doc. 24). As to the § 1983 and state law claims, Defendants argue that Plaintiff fails to meet the federal pleading standard for maintaining a claim. (Doc. 24-1 at pp. 3-5, 13-15). Further, Defendants argue that the Livingston Parish Sheriff's Office is not an entity that can be sued under the applicable rules of civil procedure. (*Id.* at 17). Finally, Defendants argue that this Court does not have jurisdiction to enforce the violations of the state open records request law, and that the federal open records request law does not apply to them. (*Id.* at 17-18).

In her response, Plaintiff consented to the dismissal of the open records request claims, and the claims against the Livingston Parish Sheriff's Department. (Doc. 46 at pp. 12-13). However, Plaintiff denied that she failed to properly state claims under federal and state law. (*Id.* at 4-9). Thus, the only issues the Court must address are

whether, under the federal pleading standard, Plaintiff has successfully pleaded §
1983 and state law claims against Defendants Ard and Rushing.

## II.    STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6)
tests the sufficiency of the complaint against the legal standard set forth in Rule 8,
which requires "a short and plain statement of the claim showing that the pleader is
entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
570 (2007)). "Determining whether a complaint states a plausible claim for relief [is]
. . . a context-specific task that requires the reviewing court to draw on its judicial
experience and common sense." *Id.* at 679. Facial plausibility exists "when the
plaintiff pleads factual content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged." *Id.* at 678 (*Twombly*, 550 U.S.
at 556). Hence, the complaint need not set out "detailed factual allegations," but
something "more than labels and conclusions, and a formulaic recitation of the
elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting
its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in
the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458,
461 (5th Cir. 2010) (quotation marks omitted).

3

### III.    DISCUSSION

#### A.    The 42 U.S.C. § 1983 Claims

Municipal officials, such as Sherriff Ard and Warden Rushing, may be held liable in their official capacity under § 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 689 (1978). A plaintiff must demonstrate three elements: "a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Turning to the first element, "a policymaker" is an official who has final policy making decision power. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). Defendants concede that Defendant Ard is a policymaker. (Doc. 24-1 at p. 6). However, Defendants argue that Plaintiff fails to plead in her complaint any facts that demonstrate Warden Rushing has final policymaking decision over the jail. (*Id.* at 12). Defendants also argue that Warden Rushing is not a policymaker with final decisional authority, because the Sheriff is "the keeper of the public jail of his parish." (*Id.* at 12 (*citing* La. R.S. § 15:704)). Indeed, Plaintiff pleads no facts to demonstrate Defendant Rushing's policymaking authority. (*See* Doc. 1). Thus, in light of the applicable pleading standard stated above, Plaintiff fails to satisfy the first of the required pleading elements for a § 1983 claim against Defendant Rushing. Accordingly, Plaintiff's § 1983 claims against Defendant Rushing must be dismissed.

Regarding Sheriff Ard, the second element a plaintiff must demonstrate is that the unconstitutional conduct arises from a specific policy. *Piotrowski*, 237 F.3d at 578.

4

It is not enough to merely state facts that could show a policy that led to the constitutional violation, instead "each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff." *Id.* at 579. In terms of what qualifies as a policy, "it is plain that municipal liability may be imposed for a single decision by municipal policymakers." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). Overall, Plaintiff's complaint only pleads one specific decision that led to the accident, and that is the decision to maintain Defendant Leglue's employment, despite knowing of her violent tendencies. (Doc. 1 at p. 6). Such an allegation is sufficient to meet the pleading standard, and the first two elements are met as to Defendant Ard.

However, in order to maintain the claim, Plaintiff must finally demonstrate that the policy was a "moving force" of the constitutional violation. This standard is exacting and it is not enough to allege that the employment of someone that happens to commit a tort is sufficient to meet this standard, otherwise municipal officials would be held vicariously liable for the acts of their employees. The Supreme Court has expressly rejected this principle. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). Further, this exacting standard is more than "but for" causation. *Id.* at 410. Rather, Plaintiff must plead "that this officer was highly likely to inflict the particular injury suffered by the plaintiff." *Id.* at 412. Looking to the claims in this case, the Court is persuaded that Plaintiff properly pleads facts that demonstrate that the employment of Defendant Leglue was highly likely to lead to a use of excessive force, and the specific injuries suffered by Plaintiff. Plaintiff

5

pleads that Defendant Leglue had violent tendencies that Defendant Ard was aware of, and a fact finder may reasonably conclude, following the introduction of relevant evidence in the case, that it was "highly likely" Leglue would cause the injuries Plaintiff alleges. (*See* Doc. 1 at p. 6). Thus, Plaintiff's § 1983 claim against Defendant Ard survives.

## B.   Plaintiff's State Law Claims

Plaintiff brings claims against all Defendants[1] for "assault, battery, and intentional infliction of emotional distress arising out of the attack by Leglue on Ms. Lafleur, denial of reasonable and timely medical care for Ms. Lafleur, and placing Ms. Lafleur in disciplinary lockdown among other things." (Doc. 1 at p. 8). Defendants dispute that Plaintiff has pled facts that demonstrate that Defendants Ard and Rushing are individually liable for the actions, arguing that only conclusory allegations are listed to describe their individual involvement. (Doc. 24-1 at p. 13). In the alternative, Defendants argue that immunity bars the claims against Defendant Ard and Defendant Rushing in their individual capacity. (*Id.*).   Finally, Defendants argue that vicarious liability is also inappropriate.   (Doc. 24-1 at p. 13, 15).

Regarding the claims made against Defendants in their individual capacity, the Court is persuaded that the Plaintiff fails to properly plead a claim under the applicable standard. Plaintiff's complaint is devoid of facts that would allow the Court

---

[1] Despite dismissal of the federal claim against Defendant Rushing, the Court nonetheless maintains jurisdiction over the state law claims asserted against him under the doctrine of pendent-party jurisdiction. *See Feigler v. Tidex, Inc.*, 826 F.2d 1435, 1439 (5th Cir. 1987) (finding that jurisdiction attached to state law claims against a party, even though no federal claims were asserted against that party, because the state law claims arose from a common nucleus of operative facts).

to conclude that Defendants Ard and Rushing were personally involved in the intentional torts listed in Plaintiff's complaint, and that it merely states conclusory allegations that assert that Defendants were involved. Accordingly, under the applicable pleading standard, the tort claims advanced against Defendants Ard and Rushing in their individual capacity must be dismissed.

However, Plaintiff does plead facts that allow this Court to conclude that Defendants Ard and Rushing are vicariously liable for the acts of their employee, Karleen Leglue. Under Louisiana Law, "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." La. Civ. Code Ann. art. 2320. An employer is not liable just because a tort is committed during the business hours on the premises, but instead, because the cause of the accident is closely related to the time, place, and causation of the employee's employment. *Baumeister v. Plunkett*, 95-2270 (La. 5/21/96), 673 So. 2d 994, 996. Louisiana state courts apply four factors in making this determination: "(1) whether the tortious act was primarily employment rooted; (2) whether the violence was reasonably incidental to the performance of the employee's duties; (3) whether the act occurred on the employer's premises; and (4) whether it occurred during the hours of employment." *Id.* at 996-97.

The Court concludes that each of these factors weigh in favor of Plaintiff. As to the first factor, the conduct here deals with Defendant Leglue's treatment of Plaintiff while Plaintiff was being detained in the parish jail. (Doc. 1 at p. 1) Considering that one of the core duties of sheriff's deputies is to detain individuals in parish jails, and

7

that this often contains a physical component, the tortious conduct here is employment rooted. As to the second factor, the violent suppression of Plaintiff was also reasonably related to the employee's duties, because Deputy Leglue was charged with handling inmates in the parish jail that Plaintiff alleges was operated by Defendants Ard and Rushing. (*See Id.* at 1-2). As to the third factor, it is undisputed, and pled, that this action occurred on the premises of the jail. (*Id.*). As to the final factor, the Plaintiff properly pled facts that demonstrate that the tortious conduct occurred during Leglue's hours of employment. (*Id.*). Therefore, under the applicable standard, Plaintiff has properly pled facts that may permit a finder of fact to conclude that Defendant Ard and Defendant Rushing are vicariously liable.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 24)** filed by Defendants Jason Ard, Perry Rushing, and the Livingston Parish Sheriff's Office is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Plaintiff's 42 U.S.C. § 1983 claims against Defendant Perry Rushing are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Plaintiff's state law claims against Defendants Jason Ard and Perry Rushing in their individual capacity are **DISMISSED**, except those claims that seek to hold Defendants vicariously liable.

**IT IS FURTHER ORDERED** that the Plaintiff's open records request claims brought pursuant to 5 U.S.C. §552 and La. R.S. § 44:3 are **DISMISSED**.

8

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against the Livingston Parish Sheriff's Office are **DISMISSED**.

Baton Rouge, Louisiana, this 16th day of February, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**