# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LONDI L. LAFLEUR                                    CIVIL ACTION

VERSU

                                                    NO. 16-254-BAJ-RLB

KARLEEN LEGLUE, ET AL.

## ORDER

Before the Court are the Motion for Protective Order (R. Doc. 69) filed by Defendants

Sheriff Jason Ard and Warden Perry Rushing on May 5, 2017, and the Motion to Compel (R.

Doc. 74) filed by Plaintiff on May 30, 2017. Opposition (R. Doc. 73) to the Motion for

Protective Order was filed by Plaintiff on May 30, 2017, and Opposition (R. Doc. 86) to the

Motion to Compel was filed by Defendants on June 9, 2017. With leave of court granted on June

12, 2017 (R. Doc. 82), Defendants Ard and Rushing filed their Reply Memorandum in Support

of Motion for Protective Order (R. Doc. 85). With leave of Court granted on June 29, 2017 (R.

Doc. 89), Plaintiff filed a Reply Memorandum in Support of Motion to Compel (R. Doc. 90).

## I.      Background

Plaintiff Londi L. Lafleur ("Lafleur") initiated this action with the filing of her Complaint

on April 20, 2016. (R. Doc. 1). On October 21, 2016, Plaintiff propounded her First Set of

Interrogatories (R. Doc. 74-2), First Set of Requests for Production of Documents (R. Doc. 74-

3), and First Set of Requests for Admission of Fact (R. Doc. 74-4) (collectively, "Discovery

Requests") on Defendant Sheriff Jason Ard ("Ard"). Defendant Ard provided his initial

responses to Plaintiff's Discovery Requests on March 3, 2017. Then, on May 5, 2017, Defendant

Ard supplemented his discovery with additional written responses and document production.

Meanwhile, certain depositions were scheduled and conducted on May 1, 2017. Although the parties dispute the sufficiency of the meeting, a discovery conference was held on May 2, 2017. On May 3, 2017, counsel for Plaintiff provided Defendant with an Index of Deficiencies. Defendant filed his Motion for Protective Order (R. Doc. 69) on May, 5, 2017, and Plaintiff filed her Motion to Compel (R. Doc. 74) on May 30, 2017. Both motions have been fully briefed.

## II.     Law and Analysis

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). To be relevant, "information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The scope of discovery is not without limits, however, and the court may protect a party from responding to discovery when: (i) it is unreasonably cumulative or duplicative, or obtainable from some other less-burdensome source; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2).

A party may withhold information which would be otherwise discoverable on the basis of privilege. Fed. R. Civ. P. 26(b)(1). A party withholding information on the basis of privilege

must expressly make the claim and describe the nature of the document being withheld. Fed. R. Civ. P. 26(b)(5).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "If the answer to an interrogatory may be determined by examining . . . a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

The rules governing discovery are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 176 (1979). It is well established that the scope of discovery is within the sound discretion of the trial court. *E.g.*, *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 724 (5th Cir. 1990) ("the district court has wide discretion in determining the scope and effect of discovery").

## A.    Rule 37 Conference

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

Plaintiff's Motion to Compel contains a certification that "[u]ndersigned counsel hereby certifies that he has spoken in good faith with counsel for Defendants in an effort to resolve the discovery disputes raised in this motion before filing of same." (R. Doc. 74 at 1).  Plaintiff provides no further information with regard to the timing or content of the conference. Defendant, however, concedes that a Rule 37 meet-and-confer was held on May 2, 2017 and that Plaintiff provided an "Index of Deficiencies" on May 3, 2017, but posits that those two facts are insufficient to meet the requirements of Fed. R. Civ. P. 37(a)(1).

Other than somewhat conflicting statements made by counsel in briefing, the Court has no way of knowing the content of the May 2, 2017 conference held, but counsel for Plaintiff does certify a good faith effort to resolve the dispute prior to seeking court intervention.  A brief telephone conference regarding certain specific items, followed by a written list of deficiencies that exceeds those topics, without further dialogue, is not sufficient under Fed. R. Civ. P. 37. Further, Defendant states on multiple occasions in his Opposition that, had Plaintiff conferred

with Defendant as to all issues raised in her Motion to Compel, court intervention may not have been necessary. (R. Doc. 86 at 3, 6, 7, 10, 15).

The Court orders the parties, in the future, to make all reasonable efforts to resolve discovery disputes prior to seeking court intervention, and notes that all efforts to resolve such discovery disputes should cover all of the potential disagreements upon which a party will file a motion if not resolved, and any such motion shall be limited to the discovery disputes the parties raised but were unable to resolve. Should any subsequent discovery disputes arise, followed by a proper meet-and-confer between the parties resulting in continued disagreement necessitating intervention by the Court, any Rule 37 certificate shall specifically set forth (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed <u>at the conference</u>, and (7) whether any issues were resolved by the parties.

In light of the extensive briefing and upcoming deadlines, the Court will address the discovery at issue as appropriate under the circumstances despite the apparent insufficiency of the Rule 37 conference.

### B. Discovery Requests at Issue[1]

### 1. Training Materials

Plaintiff's Interrogatory Nos. 4, 5, and 6, and Request for Production Nos. 1, 2, and 3[2] seek information regarding training and educational materials provided by LPSO, as well as

---

[1] At the outset, Defendant notes that no discovery has been propounded on Defendant Warden Perry Rushing, and Plaintiff has not submitted any argument, document, or exhibit to the Court contrary to this representation. Accordingly, this Order is limited to Plaintiff's motion to compel additional responses to the Discovery Requests propounded by Plaintiff on Defendant Ard.

[2] Throughout this opinion, the Requests for Production correspond to the Interrogatories concurrently addressed unless otherwise noted.

policies and procedures of LPSO.  Defendant responded that such requests were overly broad, irrelevant, and not likely to lead to the discovery of admissible evidence.[3]

The Interrogatories and Responses at issue are as follows:

## INTERROGATORY NO. 4

Describe in detail all education, instructions, and training provided by or on behalf of LPSO to its employees relating to their work at LPSO during the period of Karleen Leglue's employment at LPSO. This is deemed to include but not be limited to any directives, guidelines, rules, policies or procedures for:

a.  Handling and treatment of persons in custody of LPSO;
b.  Use of force by LPSO employees on persons in custody;
c.  Reporting and investigation of suspected criminal activity by LPSO employees;
d.  Providing access to medical care for persons in custody of LPSO.

## RESPONSE TO INTERROGATORY NO. 4

Defendant objects to Interrogatory No. 4 as overly broad and as seeking irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections, defendant states that correctional officers are trained through the Louisiana Police Officer Standards and Training program. Defendant further directs plaintiff to the documents produced in response to Request for Production No. 1.

## INTERROGATORY NO. 5

Describe in detail all directives, guidelines, regulations, rules, policies or procedures applicable to the work being performed by deputies for LPSO on January 26, 2016. This is deemed to include but not be limited to any directives, guidelines, rules, policies or procedures for:

a.  Handling and treatment of persons in custody of LPSO;
b.  Use of force by LPSO employees on persons in custody;
c.  Reporting and investigation of suspected criminal activity by LPSO employees;
d.  Providing access to medical care for persons in custody of LPSO.

---

[3] The Court notes that the current scope of discovery reflected in Fed. R. Civ. P. 26 is that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case… Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  Further, the comments to the 2015 Amendment to Fed. R. Civ. P. 26 note that "[d]iscovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery."

## RESOPNSE TO INTERROGATORY NO. 5

See objections and response to Interrogatory No. 4.

## INTERROGATORY NO. 6

How does LPSO define "excessive force" for its employees as that term relates to the use of force by LPSO employees on persons in the[ir] custody?

## RESPONSE TO INTERROGATORY NO. 6

Defendant objects to Interrogatory No. 6 as seeking irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objection, the Livingston Parish Sheriff's Office Operations Manual defines excessive force as "Any physical force which exceeds the degree of physical force permitted pursuant to State law. The use of excessive physical force shall be presumed when an officer continued to apply physical force in excess of the force permitted by State law to a person who has been rendered incapable of resisting arrest."

Defendant represents that it "will produce any relevant training material and portions of the policy and procedures manual in accordance with an Order from the Court" subject to his request for a protective order. (R. Doc. 86 at 5).  Accordingly, Defendant suggests that he has additional materials in his possession that would be relevant to Plaintiff's requests, but sets forth no law or information for the Court to directly address the question of relevance.  Defendant argues that "Plaintiff's objection is simply a matter of different interpretations of her overly broad discovery requests."  (R. Doc. 86 at 4).  Defendant further elaborates on the differing interpretations being that Defendant produced evidence of the training Defendant Leglue received, but that Plaintiff subsequently represented to Defendant that she is seeking material used to complete that training.

The Defendant's argument regarding the scope of the request is unpersuasive.  Nowhere in Plaintiff's Interrogatory Nos. 4, 5, and 6 or Request for Production Nos. 1, 2, and 3 is the information sought by Plaintiff limited to description and production of the training Leglue

received.  To the contrary, Plaintiff seeks "all education, instructions, and training provided by or on behalf of LPSO to its employees." (R. Doc. 74-2 at 3).  Information reflecting that Leglue received or completed training does not address the content of the training received or completed by Plaintiff and other similarly situated employees, which content is relevant to Plaintiff's claims.

Plaintiff also notes that the identity of certain documents were discovered during the course of depositions, but not produced in response to the written discovery requests, including: (1) LPSO Operations Manual and/or employees'/deputies' manual with policies and procedures, written job descriptions for the deputies; (2) policies and procedures regarding lockdown; and (3) inmate handbook.  The Court also agrees with Plaintiff that the identification of certain documents in a deposition does not limit the scope of what Defendant must identify and produce in response to the Interrogatories and Requests for Production of Documents.

Notwithstanding the foregoing, Plaintiff's requests are overly broad in scope.  A request for "all" such documentation pertaining to "employees" or "deputies" is far too expansive.  This is precisely the type of issue that a proper Rule 37 conference could resolve.  Rather than simply deny the motion, however, the Court finds the subcategories enumerated in subsections (a)-(d) of Interrogatory Nos. 4 and 5 to be relevant and proportional to the needs of the case, which shall expressly include any documents referenced by a deponent during a deposition in this matter. Subject to the protective order discussed below, the Court orders Defendant to respond to subparts (a)-(d) of Interrogatory Nos. 4 and 5 and Request for Production Nos. 1 and 2 on or before July 21, 2017.  Defendant is further ordered to respond to Interrogatory No. 6 and Request for Production No. 3 in full, to the extent he has not done so already, on or before July 21, 2017.

### 2. Witnesses and Description of Testimony

Plaintiff also takes issue with the sufficiency of Defendant's response to Plaintiff's Interrogatory Nos. 7 and 8, which request the identity of all persons who were witnesses to the attack or any events leading up to or immediately following the attack, as well as a detailed description of each person's scope of testimony, and Defendant's failure to provide any information in response to Plaintiff's request for the identify of persons employed by LPSO and working at LPDC on the date of the alleged attack. Defendant responds that he was unaware that Plaintiff was seeking the identity of deputies in the booking area prior to the alleged attack, but identified the deputies who witnessed the incident, and further provides that no response is warranted to the portion of the interrogatory that seeks a description of testimony to be elicited.

The Interrogatories and Responses at issue are as follows:

### INTERROGATORY NO. 7

Identify and provide the title and description of job duties for all persons known to you or whom you believe to be witnesses, either in person or remotely, to the attack or any events leading up to or immediately following the attack, and provide a detailed description of any testimony you may elicit from each such person.

### RESPONSE TO INTERROGATORY NO. 7

Defendant objects to Interrogatory No. 7 as overly broad and unduly burdensome. Defendant further objects to the subjective characterization and the use of the word "attack" in this discovery to identify the incident made the subject matter of this litigation. Subject to said objection, defendant states that Karleen Leglue witnessed the incident giving rise to this litigation and that upon information and belief Sheila Harrison had an obstructed view of the incident giving rise to this litigation.

### INTERROGATORY NO. 8

Identify and provide the title and description of job duties for all persons who were employed by LPSO and working at LPDC on the date of the attack.

## RESPONSE TO INTERROGATORY NO. 8

Defendant objects to Interrogatory No. 8 as overly broad and as seeking irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the subjective characterization and the use of the word "attack" in this discovery to identify the incident made the subject matter of this litigation.

Defendant again seeks to limit the scope of Plaintiff's request through his strained interpretation, stating Plaintiff's "request was clearly limited in scope to the 'attack,' and that is why those individuals that witnessed the alleged incident were identified." (R. Doc. 86 at 6). But, Plaintiff's request is not so limited, as it explicitly requests the identity of persons who were witnesses "either in person or remotely, to the attack *or any events up to or immediately following the attack*." (R. Doc. 86-4 at 3) (emphasis added). Further, the facts alleged in the Plaintiff's Complaint suggest that the period between which Plaintiff was in "booking" and the alleged attack are, at the very least, in very close temporal proximity. Plaintiff's Complaint alleges that "sometime on the morning of January 26, 2016, Ms. Lafleur was taken to 'booking' when suddenly and with no provocation or warning Leglue attacked Ms. Lafleur and grabbed her by the upper body and threw her head first into a wall while Ms. Lafleur remained in handcuffs." (R. Doc. 1 at ¶ XI). It is reasonable to conclude from Plaintiff's Interrogatory, and well within the scope of relevant discovery, that Defendant should identify all in-person or remote[4] witnesses from the "booking" of Plaintiff through her access to medical care. Defendant is ordered to supplement his discovery responses accordingly on or before July 21, 2017.

In addition, Plaintiff seeks to compel Defendant to provide "any potential knowledge of facts or testimony" of each person identified in response to Interrogatory No. 7 "in detail so

---

[4] It is noted that Plaintiff also alleges that the alleged attacked was "captured on video surveillance." (R. Doc. 1 at ¶ XIV). Therefore, to the extent Plaintiff requests the identity of "remote" witnesses, the Court finds that request relevant.

counsel for Ms. Lafleur can determine if depositions are necessary." (R. Doc. 74-1 at 5). To the extent the information requested is beyond the scope of that required in initial disclosures under Fed. R. Civ. P. 26(a), the request is overly broad and raises concern with regard to the attorney client and/or work product privilege. Plaintiff is entitled to obtain from Defendant the identity of persons known to or believed by him to be a witness, either in person or remotely, to the attack or any events leading up to or immediately following the attack, as discussed above, and in response to that specific interrogatory. To the extent, however, Plaintiff seeks a detailed description of any testimony, Plaintiff's Motion to Compel with regard to Interrogatory No. 7 will be denied for two reasons.

First, Plaintiff's request for "any testimony you may elicit" necessarily presupposes that Defendant would call as a witness any person identified by Defendant in response to Interrogatory No. 7. To the extent that Plaintiff requests the Court to compel Defendant to provide detailed information regarding potential testimony of non-parties Defendant does not intend to call as witnesses, the scope of discovery does not require Defendant to interview each non-party it identifies in order to provide a response to Plaintiff. Should Plaintiff seek information with regard to non-parties Defendant has not identified as potential witnesses in the Rule 26 disclosures, Plaintiff's recourse is to notice, subpoena, and conduct a deposition. Plaintiff's Interrogatory No. 7 is overly broad and not within the scope of permissible discovery in that regard.

Second, Plaintiff's request for "any testimony you may elicit" also implicates the attorney-client and/or work product privilege insofar as it seeks counsel's strategy or thought process with regard to his questioning of a potential witness called to testify. Put another way, Plaintiff is essentially asking for opposing counsel's list of trial questions for individuals

identified in response to Plaintiff's discovery requests.  For these reasons, a request for "any testimony you may elicit" is not properly within the scope of an interrogatory.  Defendant is required under Fed. R. Civ. P. 26(a)(1)(A), as is Plaintiff, to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information-- along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  Additionally, "[p]ursuant to Rule 37 of the Federal Rules of Civil Procedure, a party who fails to provide information or identify a witness as required by Rule 26(a) or (e), 'is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless or justified.'" *Painter v. Suire*, 2014 WL 4925522, at *2 (M.D. La. Sep. 30, 2014) (citing Fed. R. Civ. P. 37(c)(1)).  As to the information sought by Plaintiff with regard to the subjects of discoverable information likely held by the person(s) identified, that information should have already been provided in Defendant's initial disclosures.  Insofar as Plaintiff's Interrogatory No. 7 requests Defendant to identify individuals or documents, that request is duplicative and cumulative of that required by Rule 26(a).

Lastly, Defendant argues that Plaintiff's Interrogatory No. 8, seeking the identity of all persons "employed by LPSO and working at LPDC on the date of the attack," is not "reasonably calculated to lead to the discovery of admissible evidence." (R. Doc. 86 at 7).  Initially, the Court notes that the scope of Fed. R. Civ. P. 26(b)(1) currently in effect is not defined to include information reasonably calculated to lead to the discovery of admissible evidence.  The Court does find, however, that Interrogatory No. 8 is overly broad and the scope of the information sought is not relevant to the claims or defenses in the matter.  To the extent the Court would modify the scope of Interrogatory No. 8, that modification would match the scope of

Interrogatory No. 7 such that the inquiry is moot. Accordingly, Plaintiff's Motion to Compel as to Interrogatory No. 8 is denied.

### 3. Leglue's Work Performance

It is Plaintiff's position that documents produced by Defendant Leglue after the depositions should have been identified and produced by Defendant in response to Interrogatory No. 13 and Request for Production No. 8. Defendant suggests that the documents produced by Defendant Leglue were "prepared by Ms. Leglue," but avoids addressing whether those documents were also in the possession, custody, or control of Defendant, and further argues that the documents produced by Leglue were not responsive to Interrogatory No. 13.

The Interrogatories and Responses at issue are as follows:

**INTERROGATORY NO. 13**

Describe each occasion on which the work performance of Karleen Leglue was examined, reviewed, analyzed or otherwise evaluated by you or LPSO and state:

a. the identity of any person who participated in or was involved in any way with such examination, review, analysis or evaluation;
b. the result of such examination, review, analysis or evaluation.
c. whether a written or recorded report or summary of the examination, review, analysis or evaluation was prepared and the identity of the person in possession of the original report or summary.

**RESPONSE TO INTERROGATORY NO. 13**

Defendant objects to Interrogatory No. 13 as vague. Subject to said objection, defendant refers plaintiff to the records produced in response to Request for Production No. 8.

Plaintiff's Interrogatory No. 13 is limited to identifying occasions on which Leglue's work performance was "examined, reviewed, analyzed or otherwise evaluated," which by its own terms, does not necessarily encompass occasions on which the use of force by Leglue—whether excessive or not—was merely memorialized, reported, or narrated by Leglue or another person.

As represented to the Court by defense counsel, "these documents were not responsive and, therefore, not produced." (R. Doc. 86 at 8). The documents produced by Leglue, therefore, are not within the scope of the request made by Plaintiff in Interrogatory No. 13, as that interrogatory seeks identification of occasions on which Leglue's "work performance" was "examined, reviewed, and analyzed or otherwise evaluated." An incident narrative is not responsive to this request.[5]

### 4.      Subsequent Remedial Measures

Plaintiff argues that Defendant's objection to Interrogatory No. 16 and Request for Production No. 10, which asked Defendant to describe any changes made to LPSO procedures or operations after the alleged attack, is not supported by law. Defendant responds primarily that such information would not be admissible under Fed. R. Evid. 407, and also that such information is not relevant.

The Interrogatories and Responses at issue are as follows:

**<u>INTERROGATORY NO. 16</u>**

Describe in detail any change in the work procedures or operations at LPSO resulting in full or in part from the attack or claim for injuries.

**<u>RESPONSE TO INTERROGATORY NO. 16</u>**

Defendant objects to the subjective characterization and the use of the word "attack" in this discovery to identify the incident made the subject matter of this litigation. Defendant further objects to Request for Production No. 10 as seeking irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence and as seeking evidence of subsequent remedial measures, which is specifically excluded by Fed. R. Evid. 407.

As noted previously herein, the question as it pertains to the scope of discovery is relevance and proportionality, *not* admissibility. In fact, Fed. R. Civ. P. 26 addresses this point

---

[5] The extent to which the information sought by Plaintiff may be responsive to another interrogatory is not before the Court at this time.

specifically, stating, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Discoverability and admissibility are not the same inquiry. *See, e.g. Kreger v. Gen. Steel Corp.*, 2008 WL 782767, at *2 (E.D. La. Mar. 20, 2008) ("The Court notes that issues of discoverability under Rule 26 are separate from issues of admissibility at trial. As noted by Wright and Miller, there is an 'explicit recognition that the question of relevancy is to be more loosely construed at the discovery stage than at the trial.' 8 Wright & Miller, Federal Practice and Procedure, Civil § 2008. Specifically, information 'otherwise inadmissible at trial does not bar discovery if it is relevant to the subject matter of the action and there is a reasonable possibility that the information sought may provide a lead to other evidence that will be admissible.' *Id*.).

Defendant's only argument besides admissibility is that these requests are irrelevant. (R. Doc. 86 at 9). The Court finds, without passing on whether such documents would be admissible, that evidence of any changes in the policies or procedures after the alleged attack are within the permissible scope of discovery in connection with Plaintiff's claim that Defendant failed "to adopt, implement and/or enforce policy, practice or procedure." Thus, Plaintiff's Motion to Compel Defendant's response to Interrogatory No. 16 and Request for Production No. 10 is granted and Defendant is ordered to respond on or before July 21, 2017. However, the Court further notes that Defendant represents that "no changes in work procedures or operations were implemented as a result of the incident made subject of this suit" and that "Sheriff Ard is not in possession of any responsive information or records." (R. Doc. 86 at 10). To the extent the Court has granted Plaintiff's Motion to Compel Defendant's response to Interrogatory No. 16, no further response is needed based on Defendant's representation that there have been "no changes."

###### 5.      Defenses

Plaintiff argues that Defendant's responses to Interrogatory Nos. 17, 18, and 19, and Requests for Production Nos. 11, 12, 13, and 16 are not supported by law. Defendant argues that the information sought by those discovery requests (1) is privileged; (2) is vague; and (3) is duplicative of Interrogatory No. 25 and Request for Production No. 16, which have purportedly been responded to in full.

The Interrogatories and Responses at issue are as follows:

**<u>INTERROGATORY NO. 17</u>**

If you deny that LPSO was not responsible for the attack or claim for damages describe all evidence which supports such denial. If you are relying on witness testimony, identify each witness and provide a detailed description of the substance of his or her testimony. If you are relying on documents, exhibits or other tangible items of evidence describe in detail each such documents, exhibit or other tangible item of evidence and identify the person who has custody of the original of each such document, exhibit or other item of tangible evidence.

**<u>RESPONSE TO INTERROGATORY NO. 17</u>**

Defendant objects to the subjective characterization and the use of the word "attack" in this discovery to identify the incident made the subject matter of this litigation. Defendant further objects to Interrogatory No. 17 as seeking privileged attorney client communications, privileged work product prepared in anticipation of litigation, and/or privileged mental impressions, theories, and conclusions of counsel for defendant.

**<u>INTERROGATORY NO. 18</u>**

If you allege that the attack or claim for damages were caused by other or were caused by some other accident, incident, condition, or circumstance describe all evidence which supports such allegation. If you are relying on witness testimony, identify each witness and provide a detailed description of the substance of his or her testimony. If you are relying on documents, exhibits or other tangible items of evidence describe in detail each such document, exhibit or other tangible item of evidence and identify the person who has custody of the original of each such document, exhibit or other item of tangible evidence.

**RESPONSE TO INTERROGATORY NO. 18**

Defendant objects to the subjective characterization and the use of the word "attack" in this discovery to identify the incident made the subject matter of this litigation. Defendant further objects to Interrogatory No. 18 as vague and as seeking privileged attorney client communications, privileged work product prepared in anticipation of litigation, and/or privileged mental impressions, theories, and conclusions of counsel for defendant.

**INTERROGATORY NO. 19**

If you allege that the attack or claim for damages were caused by Londi L. Lafleur or that she has failed to mitigate her damages describe all evidence which supports such allegation. If you are relying on witness testimony, identify each witness and provide a detailed description of the substance of his or her testimony. If you are relying on documents, exhibits or other tangible items of evidence describe in detail each such document, exhibit or other tangible item of evidence and identify the person who has custody of the original of each such documents, exhibit or other item of tangible evidence.

**RESPONSE TO INTERROGATORY NO. 19**

Defendant objects to the subjective characterization and the use of the word "attack" in this discovery to identify the incident made the subject matter of this litigation. Defendant further objects to Interrogatory No. 19 as seeking privileged attorney client communications, privileged work product prepared in anticipation of litigation, and/or privileged mental impressions, theories, and conclusions of counsel for defendant. Defendant further objects to this Interrogatory as premature in that discovery is just underway.

For the same reasons the Court outline in Section 2, *supra*, Plaintiff's request for "a detailed description of the substance of his or her testimony" is not appropriate.  The Court will not require Defendant to provide a detailed description of testimony as such request is essentially asking for counsel's trial questions, which is privileged under the work production doctrine, and Plaintiff has the opportunity to depose any non-party witnesses.  Further, insofar as Plaintiff is requesting an exhibit list, that deadline has been set by the Court and such list is to be included in the pretrial order.

Beyond the limitation in scope discussed above, Defendant should have already provided this information in his initial disclosures as Fed. R. Civ. P. 26(a)(i) and (ii) require the parties to disclose the identity of individuals and documents a party "may use to support its claims or defenses." Defendant also suggests—and the Court agrees—that the information Plaintiff seeks to compel in these interrogatories and requests for production of documents are duplicative of Interrogatory No. 25 and Request for Production No. 16. Considering the limitations in scope set forth above, and the responses required under Rule 26 and this Order, it does not appear that there is anything to compel. Defendants are reminded of their continuing duty to supplement any outstanding discovery. To the extent there is any needed supplementation pursuant to this Order, Defendant shall provide it on or before July 21, 2017. If any specific information is being withheld on the basis of privilege, it should be appropriately identified in a privilege log.

### 6.       Identity of Potential Witnesses

Plaintiff avers that Defendant failed to adequately respond to Interrogatory No. 26 insofar as Defendant did not provided sufficiently specific description of the testimony he may elicit from each person identified. Defendant argues that Plaintiff's 26th Interrogatory exceeded the number of interrogatories permitted by law, and, in any event, that his response was adequate.

The Court finds that the descriptions provided by Defendant are not as narrow as Plaintiff represents. Plaintiff suggests that Defendant described the potential testimony as to all persons identified in response to Interrogatory No. 26 as "all matters made subject of the complaint." (R. Doc. 74-1 at 9). While this is true for the first 9 persons identified in Defendant's initial response, the scope of the 10th potential witness's testimony is specifically identified as "plaintiff's medical condition." (R. Doc. 86-4 at 12). Further, the description of potential testimony as to the 12 additional persons identified in Defendant's Supplemental Responses (R.

Doc. 86-3) is even more varied and specific. The Court agrees with the Defendant and finds these descriptions sufficient in the context of Interrogatory No. 26. In addition, to the extent that this request is seeking the testimony to be elicited by trial counsel, that request necessarily infringes on attorney work product.

Although Fed. R. Civ. P. 33(a)(1) limits the number of interrogatories a party may propound without leave of court to 25, as Defendant has already responded to Plaintiff's 26th interrogatory with no objection until the filing of his Opposition, the Court finds this argument to be moot.

### 7. Documents Relating to Alleged Attack

In Requests for Production Nos. 5, 6, and 7, Plaintiff sought production of documents, statements, and visual depictions relating to the alleged attack. Plaintiff suggests, and Defendant does not deny, that certain responsive documents were provided to Plaintiff during a May 1, 2017 deposition. Further, Defendant represents he supplemented his discovery responses after the May 2, 2017 conference between the parties. (R. Doc. 86 at 14). It is unclear to the Court whether Defendant's counsel had these documents in his possession before April 28, 2017 as he states in the deposition that he "recently received the statement" (R. Doc. 74-8 at 9), but Defendant states in briefing that the failure to produce the written statement of Deputy Harrison was "an inadvertent mistake," and that it was not until the deposition that he "recalled reviewing the statement with Deputy Harrison." (R. Doc. 86). It is also unclear to the Court whether there are additional documents responsive to Requests for Production Nos. 5, 6, and 7 beyond what Defendant provided during or after the depositions, or whether Defendant has produced all responsive documents at this time.

The applicable Requests for Production are as follows:

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 5**

All document, exhibits, or other items of tangible evidence concerning any investigation, inquiry, review, experiments, testing, or analysis concerning the attack or claim for injuries. This is deemed to include but not be limited to any accident report, incident report, investigative report, arrest report, or any other similar document, or any documents exhibits or other items of tangible evidence relied upon in Answer to Interrogatory No. 9.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 6**

All written or recorded statements of any type relating to the attack or claim for damages.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 7**

All photographs, drawings, diagrams, sketches, video tape, or other renderings of the attack or claim for injuries.

The sufficiency of the production is not before the Court at this time, and the Court makes no finding as to the sufficiency of the responses or Defendant's compliance therewith. The Court does find, however, that the statement of Deputy Harrison as well as the photograph(s) taken by Deputy Harrison are clearly responsive to Plaintiff's Requests for Production Nos. 6 and 7 and likely existed at the time Plaintiff initially propounded discovery. Accordingly, Plaintiff's Motion to Compel these documents and any other documents responsive to Request for Production Nos. 5, 6, and 7 is granted. Defendant is ordered to respond in full to Request for Production Nos. 5, 6, and 7 on or before July 21, 2017 if he has not already done so.

**C.    Protective Order**

Rule 26(c) allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P.

26(c)(1).  In addition, Rule 26(c)'s "good cause" requirement indicates that the party seeking a

protective order has the burden "to show the necessity of its issuance, which contemplates a

particular and specific demonstration of fact as distinguished from stereotyped and conclusory

statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v.

Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).  If the movant shows good cause, the court

may preclude the discovery, limit its scope to certain areas of inquiry, or otherwise tailor the

request to protect the movant. Fed. R. Civ. P. 26(c)(1)(A)-(H).

Defendant requests the issuance of a protective order "prohibiting disclosure of any

policies and procedures, operations manuals, or training material to anyone other than the Court,

parties to this lawsuit, their counsel and counsel's staff, qualified persons taking testimony

involving documents, and expert witnesses." (R. Doc. 69 at 3).  Defendant further requests that

said protective order "require that any portion of the records that are filed be filed under seal."

(R. Doc. 69 at 3).[6]

In support of this request Defendant avers that "security and safety concerns [] are

inherent with the risk of dissemination of such sensitive material." (R. Doc. 69-2 at 2).

Specifically, Defendants suggest that unprotected disclosure would compromise safety and

security inside the LPDC resulting potentially in "risks of escape from or unauthorized entry into

the jail or other adverse situations" and "disruption of internal order." (R. Doc. 69-2 at 4).  In her

Opposition, Plaintiff counters (1) Defendant's request for protective order is not timely; (2)

Defendant has failed to meet his burden of proving good cause for the issuance of a protective

---

[6] The Court notes that Defendant is not requesting a blanket protective order over all documents in this proceedings,
but rather Defendant's request for a protective order is limited to prohibit disclosure of "any policies and procedures,
operations manuals, or training materials." (R. Doc. 69 at 3).  To the extent the Court will consider Defendant's
request for the protective order to require "records" to be filed under seal, the Court deems the term "records" used
in Defendant's Motion for Protective Order to be similarly limited to "any policies and procedures, operations
manuals, or training materials."

order, particularly with regard to the specificity required and the LPSO's position as a public entity. (R. Doc. 73 at 3-5).

As a general matter, a motion for protective order is timely if filed before the date set for the discovery at issue. *See Alvarez v. Aldi (Texas) LLC*, 2014 WL 3624929, at *1 (N.D. Tex. July 22, 2014). Defendant did not move for a protective order prior to his responses to Plaintiff's discovery requests were due. Notwithstanding that fact, Defendant's discovery responses objected to the discovery requests that encompass the documents that would be subject to a protective order, and Defendant further argues in his Opposition to Plaintiff's Motion to Compel that those discovery requests are overly broad. The parties agree that a discovery conference was held on May 2, 2017, Plaintiff provided Defendant an Index of Deficiencies on May 3, 2017 and gave Defendant a deadline of May 5, 2017 to supplement his discovery responses. On May 5, 2017, Defendant provided supplemental discovery responses and document production, and also filed his Motion for Protective Order (R. Doc. 69). Based on this timeline of events, the Court finds Defendant's Motion for Protective Order timely and will address the merits.

Although Defendant has not provided the Court any of these documents for *in camera* inspection such that the Court is unable to determine the actual potential safety and security risk alleged by Defendant, the Court nonetheless finds that at this stage in the litigation, Defendant's argument is persuasive that no harm or prejudice would be suffered by the issuance of the protective order accompanying this Order.

Accordingly, the Defendant's Motion for Protective Order is granted. Any policies and procedures, operations manuals, or training material of LPSO produced in this litigation is subject to the Protective Order accompanying this ruling. As set forth in that Protective Order, its terms cover discovery and the filing of information with the Court. To the extent such

material is <u>used</u> at a hearing or trial, the Court can determine whether and to what extent that material should remain shielded from the public.  Furthermore, the Protective Order also provides that any party may challenge the confidential designation of such material.

###### D.    Attorney's Fees and Expenses

Taken together, Rule 37 and Rule 26 provide that if a motion to compel or motion for protective order "is granted in part and denied in part, the court may… after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C); Fed. R. Civ. P. 26(c)(3).  The court has granted in part and denied in part Plaintiff's Motion to Compel (R. Doc. 74), and granted Defendant's Motion for Protective Order (R. Doc. 69) limited to any policies and procedures, operations manuals, or training material of LPSO. Having reviewed the briefing submitted by both parties, and considering those representations and assertions regarding counsel's interaction in failing to even address some of these issues, the Court concludes that the parties shall bear their own expenses with regard to bringing and defending these motions.  Accordingly, the Court declines to impose sanctions.

### III.    Conclusion

Considering the foregoing Motion for Protective Order (R. Doc. 69), the Motion to Compel (R. Doc. 74), and for good cause shown;

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (R. Doc. 74) is DENIED with respect to Defendant Warden Perry Rushing;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery (R. Doc. 74) is **GRANTED** in part and **DENIED** in part with respect to Defendant Sheriff Jason Ard and Defendant is ordered to supplement his responses to Plaintiff's First Set of Interrogatories and

First Set of Requests for Production of Documents on or before **July 21, 2017** as set forth more fully herein;

      **IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order (R. Doc. 69) is **GRANTED** and any policies and procedures, operations manuals, or training material of LPSO shall be subject to the Protective Order accompanying this ruling.

      Signed in Baton Rouge, Louisiana, on July 10, 2017.

                                  **RICHARD L. BOURGEOIS, JR.**
                                  **UNITED STATES MAGISTRATE JUDGE**