UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LONDI L. LAFLEUR                                     CIVIL ACTION

VERSUS

KARLEEN LEGLUE, ET AL.                        NO.: 16-00254-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion for Reconsideration (Doc. 50)** filed by Defendant, Warden Rushing. Defendant requests that the Court revise its previous Ruling and Order (Doc. 47) concerning the state-law vicarious liability claim against him. For the following reasons, the Motion for Reconsideration is **GRANTED**.

### I. BACKGROUND

Plaintiff alleges that she was attacked by Karleen Leglue, a deputy employed by the Livingston Parish Sheriff's Office ("LPSO"), while she was being detained at the Livingston Parish Detention Center ("LPDC"). (Doc. 47 at p.1). Previously, this Court granted in part and denied in part the Motion to Dismiss brought by Defendants. (*Id.*). Relevant to the Motion for Reconsideration, the Court denied the vicarious liability claims against Warden Rushing asserted in the motion to dismiss. (*Id.* at p. 8).

### II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(b) "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of

and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

### III. DISCUSSION

Louisiana Civil Code Article 2320 provides that "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." However, Louisiana law more specifically defines who can be held vicariously liable for the actions of a public employee. *See* La. Rev. Stat. § 42:1441.3(A). "The master of an individual who is an elected or appointed public officer, official, or employee of a political subdivision . . . is the particular political subdivision of which such individual is a public officer, official, or employee." *Id.* A Louisiana "sheriff's office is not a legal entity capable of being sued." *Cozzo v. Tangipahoa Parish Council–President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002). Therefore, the sheriff, in his official capacity, is the proper party to sue for the torts of his employees. *See* La. Rev. Stat. § 42.1441.3(E) (defining a sheriff as a distinct political subdivision); *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So. 2d 669, 669 (La. 1981); *cf. Latullas v. State*, 94-2049 (La. App. 1 Cir. 6/23/95), 658 So. 2d 800, 804 ("Because [the prison guard] was, at all times pertinent hereto, an employee of the State of Louisiana, the State, and not Warden Jones, would be answerable under a theory of vicarious liability.").

Plaintiff alleges that "[a]t all material times herein Karleen Leglue was a deputy sheriff employed by LPSO acting in the course and scope of employment and assigned to work at LPDC." (Doc. 1 at ¶ VIII). Therefore, under Louisiana law,

Leglue was not an employee of Warden Rushing, and he cannot be held vicariously liable for her action.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Warden Rushing's Motion for Reconsideration (Doc. 50) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's vicarious liability claims against Warden Rushing are **DISMISSED**.

Baton Rouge, Louisiana, this 22nd day of December, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**