# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LONDI L. LAFLEUR                                  CIVIL ACTION

VERSU

                                                         NO. 16-254-BAJ-RLB

KARLEEN LEGLUE, ET AL.

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery (R. Doc. 134) filed on May 15, 2018. The motion is opposed. (R. Doc. 137).

**I.    Background**

On April 20, 2016, Plaintiff commenced this civil rights action, alleging that on January 26, 2016, she was attacked by the defendant Karleen Leglue, a deputy of the Livingston Parish Sheriff's Office, while incarcerated at the Livingston Parish Detention Center ("LDPC"). (R. Doc. 1).

On July 25, 2016, the Court issued a Scheduling Order setting, among other things, the non-expert discovery deadline on May 1, 2017. (R. Doc. 22). The Court subsequently extended the non-expert discovery deadline to June 12, 2017. (R. Doc. 56).

On June 12, 2017, Plaintiff filed a Motion to Continue Trial and Reset Deadlines in Scheduling Order. (R. Doc. 84).

On August 24, 2017, the Court extended the remaining expert discovery deadlines and the dispositive motion deadline on the basis that Plaintiff was continuing treatment, specifically noting that non-expert discovery was closed. (R. Doc. 95). The Court noted that the deadline to complete fact discovery had expired.

On October 17, 2017, the Court again extended the remaining expert discovery deadlines on the basis that she had not reached maximum medical improvement. (R. Doc. 100).

On December 13, 2017, the district judge granted Plaintiff's Motion to Continue Trial and Reset Deadlines in Scheduling Order (R. Doc. 84), and converted the pre-trial conference into a "status conference at which time a new trial date and deadline for the submission for proposed pretrial orders shall be established." (R. Doc. 114).

On February 26, 2018, the district judge held a status conference with the parties, resetting the jury trial in this action to commence on November 13, 2018. (R. Doc. 133). The district judge did not set a new deadline to complete non-expert discovery. Moreover, the district judge has clarified that the trial date was continued in light of Plaintiff's ongoing treatment. (R. Doc. 142 at 1). Furthermore, while the Order reopened discovery related to Plaintiff's ongoing medical treatment, it also states "that Plaintiff has had sufficient time to conduct discovery in this matter, a relatively straightforward excessive force case, and that reopening discovery would unduly delay proceedings." (R. Doc. 142 at 1-2).

On May 15, 2018, Plaintiff filed the instant motion to compel to obtain documents in response to Request for Production of Documents Nos. 1 and 3 of her Second Set of Requests for Production of Documents.[1] Plaintiff asserts that the documents she are seeking are relevant to her *Monel* claims and Defendants' proposed affirmative defense of failure to administratively

---

[1] Plaintiff broadly asserts that "Defendants have failed to make full and complete responses to the Second Set of Interrogatories and Second Set of Requests for Production of Documents served upon them by [Plaintiff]." (R. Doc. 134 at 1). However, Plaintiff only identifies alleged deficiencies regarding Request for Production of Documents Nos. 1 and 3. To the extent Plaintiff seeks relief regarding any other discovery requests, the motion is deficient as it fails to "quote verbatim" the interrogatories or requests for production at issue. *See* LR 37.

exhaust.[2] In opposition, Defendants argue that the information sought falls outside the scope of discovery. (R. Doc. 137).

## II. Law and Analysis

### A. Plaintiff's Motion to Compel is Untimely

All non-expert discovery in this action, with the exception of discovery pertaining to Plaintiff's ongoing treatment, closed on June 12, 2017. Accordingly, the instant motion to compel, which was filed on May 15, 2018, is untimely. *See* LR 26(d)(1) ("Absent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery."); *see also Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (denying motion to compel filed after the close of discovery where party had been "inexcusably dilatory in his efforts"); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed two weeks after the discovery deadline; motion should have been filed within discovery deadline); *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril.")).

It also appears that the written discovery requests at issue were untimely served after the deadline to complete discovery. *See* LR 26(d)(2) ("Written discovery is not timely unless the response to that discovery would be due before the discovery deadline.").

---

[2] Defendants' Motion for Leave to File First Amended Answer to Complaint and First Supplemental and Amending Complaint and Jury Demand (R. Doc. 120) remains pending before the Court.

### B. The Documents Sought Are Outside the Scope of Discovery

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

The documents sought by Plaintiff fall outside the scope of discovery. Plaintiff's Request for Production No. 1, and Defendants' response, are as follows:

> **REQUEST FOR PRODUCTION OF DOCUMENT NO. 1:**
> All documents, exhibits or other items of tangible evidence which reference or describe any use of force by your employees on inmates at LPDC from January 1, 2012 through January 26, 2016. This is deemed to include any "Use of Force Reports", "Disciplinary Reports", "Incident Summary" or the like.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**
> Defendant objects to Request for Production No. 1 as overly broad, unduly burdensome, and as seeking irrelevant information in proportion with the needs of this case. More specifically, defendant states that this request, which seeks any report referencing any use of force in the detention center for a period of over four years, is overly broad in scope and seeks information that is not relevant to the claims raised herein. Moreover, in order to provide a complete and accurate response, defendant would have to review every report and/or summary in

defendant's possession from this time period to determine whether such reports
reference or describe any use of force. Such a task is overly burdensome given the
number of deputies and inmates located at the Livingston Parish Detention
Center.

(R. Doc. 134-2 at 1). Plaintiff's Request for Production No. 1, which seeks the production of all documents referencing or describing "any use of force" by Defendant's employees on inmates at LPDC for a period spanning over 4 years, is overly broad and otherwise falls outside of the scope of discovery. Plaintiff has made no attempt to limit the scope of the discovery request to incidents similar to those in her case.[3] The request is so broadly stated that compliance would result in an undue burden to Defendants. Accordingly, the Court sustains Defendants' objections of overbreadth and undue burden.

Plaintiff's Request for Production No. 3, and Defendants' response, are as follows:

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 3:**
All documents, exhibits or other items of tangible evidence related to any administrative proceedings conducted by you from January 1, 2012 through January 26, 2016 pursuant to LSA-R.S. 15:1171, et seq[.] and/or LSA-R.S. 15: 1181, et seq. This [is] deemed to include any requests for relief or responses to same, rulings, opinions, decisions, remedies provided, etc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
Defendant objects to Request for Production No. 3 as overly broad, as seeking irrelevant information in proportion with the needs of this case, and as seeking confidential and private information regarding individuals that are not a party to this litigation. More specifically, defendant states that this request, which seeks all documents related to any grievance request for a period of over four years filed by any inmate of the Livingston Parish Detention Center is overly broad in scope and seeking information that is not relevant to plaintiff's failure to initiate or exhaust the grievance process regarding the subject incident. That is, none of the information set forth in other inmates' grievance process records make it more or less likely that plaintiff complied with LSA-R.S. 15:1171, et seq[.] and/or LSA-R.S. 15:1181, et seq. in this case. Moreover, the grievance process records of other inmates contain private information, including information regarding healthcare, of those individuals who are not a party to this litigation. Such information is confidential and not subject to disclosure.

---

[3] In response to Request for Production No. 2, Defendants produced reports and summaries referencing "a use of force by Karleen Leglue" from January 1, 2012 through January 26, 2016. (R. Doc. 134-2 at 2).

5

(R. Doc. 134-2 at 1-2). Plaintiff's Request for Production No. 3, which seeks the production of all documents related to a wide-range of administrative proceedings filed over a four-year period, is similarly overly broad and otherwise falls outside of the scope of discovery. Plaintiff makes no attempt to limit this request to the subject defendant or to incidents involving similar allegations as in this case. The request is so broadly stated that it would result in an undue burden to require Defendants to comply.[4]

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (R. Doc. 134) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 13, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The Court makes no ruling at this time regarding whether any additional discovery on the issue of exhaustion will be granted pursuant to Rule 56(d) or should Defendants be granted leave to amend their answer.