UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LONDI LAFLEUR            CIVIL ACTION

VERSUS

KARLEEN LEGLUE, ET AL.          NO.: 16-00254-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion for Partial Summary Judgment (Doc. 101)** filed by Defendant, Atlantic Specialty Insurance Company ("Atlantic") and the **Motion for Summary Judgment (Doc. 102)** filed by Defendants, Sherriff Jason Ard and Warden Perry Rushing.[1] Both motions are opposed (Docs. 112 & 116). Oral argument is not necessary. For the reasons that follow, the motions are **GRANTED IN PART** and **DENIED IN PART**.

I.    BACKGROUND

On January 25, 2016, Plaintiff, Londi Lafleur, was booked into the Livingston Parish Detention Center ("LPDC"). (Doc. 1 at ¶ 1). On January 26, Plaintiff requested a blanket while she was waiting to be booked. (Doc. 116-5 at p. 1). Plaintiff was told by Deputy Nick Eppinett that it was against Sheriff's Office policy to provide a blanket at that time, to which she allegedly replied she was going "to start acting up." (*Id.*). During the booking procedure, Plaintiff purportedly continued to cuss and remained generally uncooperative. (*Id.*). As a result, Deputy Eppinet and Defendant,

---

[1] Warden Rushing has been subsequently dismissed from this suit. (Doc. 122).

Karleen Leglue, handcuffed her and took her to disciplinary lockdown. (*Id.*). While Plaintiff was handcuffed, Lafleur took her into a cell, where she violently slammed Plaintiff's face against the concrete wall. (Doc. 116-4 at p. 9). The Livingston Parish Sheriff's Office ("LSPO") investigated the incident, and Sheriff Ard terminated Leglue that same day. (Doc. 101-2 at p. 2; Doc. 101-3 at p. 2). According to the criminal investigation, there was "no reason for inmate Lafleur to be thrown against the concrete wall. (Doc. 116-4 at p. 9). Leglue was arrested, and she subsequently pleaded guilty to a charge of simple battery, for which she received a six month suspended sentence and two years of probation. (Doc. 102-3 at p. 2; Doc. 101-4 at p. 2)

On February 22, 2016, all charges against Plaintiff were dismissed and she was released from custody. Plaintiff filed suit against the LPSO, Sheriff Ard, Warden Rushing, Leglue, and Atlantic. (Doc. 1; Doc. 71). The Court dismissed all claims against the LPSO and Warden Rushing. (Doc. 47; Doc. 122).

## II. LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

2

After a motion for summary judgment is filed, the non-movant "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal citations omitted). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Austin v. Kroger Tex., L.P.*, 846 F.3d 326, 328 (5th Cir. 2017) (quoting *Gates*, 537 F.3d at 417). At this stage, however, the court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotations omitted). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

III. DISUSSION

A. Atlantic

Atlantic claims that the actions of Defendant, Karleen Leglue, are excluded from coverage under the LPSO Law Enforcement Liability Coverage Policy. (Doc. 101-1 at p. 1). Atlantic and LPSO entered into an insurance agreement, policy number 791-00-08-58-0000 ("the Policy"), with an effective date of July 1, 2015 to July 1, 2016. (Doc. 101-5 at p. 6). The Policy included law enforcement liability coverage. (*Id.* at p. 97). However, the Policy contained a "Criminal Acts" exception, which provides:

> Any "claim" arising directly or indirectly out of, or in any way related to a dishonest, malicious, fraudulent, or criminal act, or the willful violation of any statute, ordinance or regulation committed by or with the knowledge of the insured.
>
> However, we will defend the insured for a "suit" subject to the other terms of this coverage part until either a judgment or final adjudication established such an act or the insured confirms such an act.
>
> This exclusion does not apply to "claims" of malicious prosecution.

(*Id.* at p. 99). Atlantic asserts that Leglue's guilty plea for simple battery precludes coverage under the Policy.

Plaintiff disagrees, arguing that although Plaintiff pleaded guilty, she has not admitted that her conduct was unlawful or criminal, and accordingly, whether Leglue's actions were criminal in nature are an issue for the trier of fact to decide. (Doc. 112 at p. 5). Specifically, in her affidavit for this lawsuit, Leglue claimed that she "believes that [her] interaction with Londi Lafleur . . . was an authorized use of force." (Doc. 112-3 at p. 3).

4

Under Louisiana law, "where a[n insurance] policy is clear and unequivocal it must be enforced as written." *Premium Fin. Co. v. Employers Reinsurance Corp.*, 979 F.2d 1091, 1093 (5th Cir. 1992). But where an exclusionary clause is susceptible to more than one interpretation, in must be strictly construed against the insurer. *Id.*

Here, the Court finds that the insurance policy unambiguously precludes coverage in this situation. Leglue pleaded guilty to a crime under Louisiana law. Leglue's affidavit stating that she believes she did nothing wrong does not create a genuine issue of material fact. The question of Leglue's guilt or innocence is not for this civil jury to find. It was established when she pleaded guilty in state court. (Doc. 101-4 at p. 2). Accordingly, Atlantic's motion for partial summary judgment is **GRANTED**.

### B. Sheriff Ard

#### 1. *Section 1983 Claims*

Plaintiff argues that there was a widespread custom or practice of deputies using excessive force against prisoners. (Doc. 116 at p. 16). Additionally, Plaintiff argues that there is no evidence Leglue received any training on use of force. (*Id.* at p. 19).

Section 1983 holds a supervisory official liable only to the extent that "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). A policy is normally an official statement, ordinance, or regulation, but in

5

certain circumstances a persistent, widespread practice that is so commonplace as to constitute a custom can also be treated as policy. *See Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). "Allegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). Rather, the Plaintiff must show a consistent pattern of similar incidents where the misbehavior was widespread within the Sheriff's Department. *See id.* Similarly, "[c]laims of inadequate training generally require that the plaintiff demonstrate a pattern." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010).

The Court finds that this isolated, unusual incident does not establish a custom or policy of unconstitutional conduct. To the contrary, the Sheriff's swift action in firing Leglue, who harmed Plaintiff, and Leglue's subsequent criminal conviction shows that this was a highly unusual occurrence. Plaintiff purports to identify other similar incidents where Deputy Leglue purportedly used physical force for mere failure to comply with verbal orders. (Doc. 116 at pp. 21-22). However, these incidents are all distinguishable based on the amount of force used—most involved pepper spray or a taser—and the amount of resistance the inmates gave, such as refusing to enter a cell or taking a step towards the officer. (*See* Docs. 116-21 to 116-28).

Moreover, regarding Plaintiff's failure to train claim, the LPDC maintains a use of force policy that requires guards "to use only the amount of force necessary" and that deputies "use physical force only as a last resort and only after fair warning."

6

Although Plaintiff argues that Defendant failed to provide any evidence that Leglue received training in use of force, this inverts the analysis. The burden is on the non-movant to "set forth specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

Therefore, the § 1983 claims against Sheriff Ard are **DISMISSED**.

### 2. *Failure to Exhaust*

The only state law claim remaining is Plaintiff's vicarious liability claim against Sheriff Ard. Sheriff Ard seeks dismissal of Plaintiff's state law claims because she failed to initiate a grievance procedure in accordance with LPDC's policies. (Doc. 102-1 at p. 5). Immediately after the incident, Plaintiff asked to speak to the Warden, Deputy Wheat told Plaintiff that she could speak to Sergeant Jonathan Crozier. (Doc. 116-6). When Plaintiff spoke to Sergeant Crozier, she informed him that she wished to press charges against Leglue. (Doc. 116-7). Sergeant Crozier "explained to her that she could not press charges on anyone while incarcerated, but [he] would notify the appropriate personnel about her complaint." (*Id.*). Plaintiff asserts that she told several LPSO deputies that she wanted to file a complaint about the incident, but that these request were ignored or that deputies said they would inform their supervisor. (Doc. 116-9 at ¶¶ 7–8). Plaintiff further stated that she was told that her complaint against Leglue "would be 'taken care of.'" (*Id.* at ¶ 15). The only paperwork Plainitiff filed while incarcerated was an *Inmate Request Form*, which asked to be transferred from solitary confinement to the general population. (Doc. 126-2).

Sheriff Ard argues that Plaintiff never filed a request for money damages for the incident. (Doc. 126 at p. 6). Additionally, Sheriff Ard claims that although Sergeant Crozier told Plaintiff she could not press charges while incarcerated, this statement did not mislead her into thinking that she could not file a complaint while incarcerated. (*Id.* at p. 9).

Plaintiff argues that no exhaustion is necessary because the remedy was unavailable.[2] (Doc. 116 at p. 5). Plaintiff insists that her repeated requests to handle the incident were met with resistance and that she was misled by statements that she could not file a charge against Leglue while incarcerated. (*Id.* at p. 13).

Because Sheriff Ard is claiming failure to exhaust administrative remedies only for the Louisiana State law claims, the Court will examine exhaustion under Louisiana state law and not the Federal Prison Litigation Reform Act. Two Louisiana Laws are relevant to this inquiry. The first is the Corrections Administrative Procedure Remedy ("CARP"), La. Rev. Stat. ann. § 15:1171, which provides that a "sheriff may . . . adopt . . . administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances . . . which arise while an offender is within the custody or under the supervision of the department." *Id.* at § 15:1171(B). Under CARP, prisoners must "initiate [their] administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained. *Id.* a § 15:1172(B)(2).

---

[2] Plaintiff also argued that Defendants failed to plead exhaustion as an affirmative defense, but the Court granted Defendant's leave to amend the answer to their complaint. (Doc. 150).

Additionally, the Louisiana Prison Litigation Reform Act, *id.* at § 15:1181, provides that "[n]o prisoner suit shall assert a claims under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice." A person's status as a prisoner under the acts is determined at the time the acts giving rise to suit arises, even if the person is subsequently released. *Id.* at §§ 15:1171(D) and 15:1181(6).

When a prisoner claims that an administrative remedy was not available to them, the Sheriff bears the initial burden of showing that an administrative remedy was available. *Cheron v. LCS Corr. Servs., Inc.*, 2002-1049 (La. App. 1 Cir. 2/23/04), 872 So. 2d 1094, 1103, *aff'd*, 2004-0703 (La. 1/19/05), 891 So. 2d 1250.

> Once the existence of an administrative remedy is established, the burden shifts to the plaintiff to show that the specified administrative remedies or procedures have been exhausted or that the present situation is one of the exceptional situations where the plaintiff is entitled to judicial relief because any administrative remedy is irreparably inadequate.

*Id.* A prisoner must be provided with "a viable way to file for administrative relief." *Gray v. State*, 2005-617 (La. App. 3 Cir. 2/15/06), 923 So. 2d 812, 820.

It is undisputed that an administrative remedy procedure existed and that Plaintiff failed to initiate administrative remedies in accordance with that procedure. However, although it is a close issue, the Court finds that a genuine dispute of material fact remains regarding whether this in an "exceptional situation[]" where Plaintiff was not required to exhaust administrative remedies. Specifically, Plaintiff insists that she was misled about the availability of an administrative remedy while

9

she was incarcerated because she was told that she could not press charges while incarcerated. Sheriff Ard argues that the distinction between a charge and a complaint is obvious; however, the Court disagrees that this is obvious to a person untrained in the law. Additionally, Plaintiff's contention that she was repeatedly told her complaints against Leglue were being "taken care of" has not been contradicted by Defendants. Under the unique circumstances of this case, where Plaintiff was repeatedly told her verbal complaints were being addressed, she could have been so misled about the necessity of filing a formal complaint as to render the administrative remedy unavailable. At this stage, summary judgment for Plaintiff's vicarious liability claims against Sheriff Ard is **DENIED**.

Because the Court has found that a genuine dispute of material fact exists regarding exhaustion, the Court "should . . . resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits." *Dillon v. Rogers*, 596 F.3d 260, 273 (5th Cir. 2010). In order to resolve the disputed facts concerning exhaustion, the Court may "hold[] an evidentiary hearing if necessary. Then, if the [Court] determines that the plaintiff has exhausted administrative remedies or that his or her failure to exhaust should be excused, the case may proceed to the merits. *Id.*

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment (Doc. 101) filed by Atlantic is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Sheriff Ard and Warden Rushing (Doc. 102) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims against Sheriff Ard and Warden Rushing are dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss or Alternatively Postpone Hearing on Summary Judgment (Doc. 109) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument on Defendant Ard and Sheriff Rushing's Motion for Summary Judgment (Doc. 123) is **GRANTED IN PART** and that a status conference is set for Tuesday, September 25, 2018 at 2:00 PM to discuss dates for a hearing.

Baton Rouge, Louisiana, this 13th day of September, 2018.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**